## DOLENGA *v.* DOLENGA.

1. CONTRACTS—TRIAL—ISSUE FOR JURY—INSTRUCTIONS.
   In an action for services alleged to have been performed under an express contract, where defendant admitted performance of the services but denied the existence of said contract, the trial court properly submitted to the jury the question as to whether an express contract of hiring was made, and also properly instructed them that if they

¹Contracts, 13 C. J. §§ 988, 1030.

found there was such contract, to deduct such payments as they found to have been made thereunder.

2. NEW TRIAL—GREAT WEIGHT OF EVIDENCE.
   Verdict for plaintiff *held*, not so contrary to the great weight of the evidence as to require that it be set aside, on motion for new trial.

Error to Wayne; Hunt (Ormond F.), J. Submitted February 1, 1927. (Docket No. 75.) Decided April 1, 1927.

Assumpsit by Steve Dolenga against Marcel Dolenga for services rendered. Judgment for plaintiff. Defendant brings error. Affirmed.

*Edward R. Kehoe,* for appellant.

*Frank W. Atkinson,* for appellee.

SHARPE, C. J. The parties are brothers. Plaintiff sues to recover under an express contract of hiring whereby he was to receive $40 per week for services rendered defendant. His claim was supported in part by the evidence of one of his sisters. Defendant admitted the service, but insists that it was rendered under "a sort of a family arrangement, and that the income of the business was used to pay the expenses of the business and of the family, which included himself, his brother, his two sisters, his two children and his father," and any balance divided between them. The issue thus raised was submitted to the jury, who found in plaintiff's favor for $3,938. The defendant reviews the judgment entered for this amount by writ of error.

1. As requested by both counsel, the trial court submitted to the jury the question whether an express contract of hiring was made, and, if they found there was such contract, he instructed them to deduct such

²Appeal and ERROR, 4 C. J. § 2816.

payments as they found to have been made. The charge is free from error.

2. We cannot say that the verdict is so contrary to the great weight of the evidence as to warrant us in holding that the trial court should have set it aside on the motion for a new trial.

The judgment is affirmed.

BIRD, SNOW, STEERE, FELLOWS, WIEST, CLARK, and McDONALD, JJ., concurred.